# Court of Appeals, State of Michigan

## ORDER

In re JP

Docket No.    344812

LC No.    2017-000048-DL

Brock A. Swartzle
Presiding Judge

Elizabeth L. Gleicher

Michael J. Kelly
Judges

---

The Court orders that the September 24, 2019 opinion is hereby AMENDED to correct a clerical error:

In the third line of the first paragraph of the concurring opinion it reads: "and is understandable and commendable that S's mother and authorities took the matter seriously".

It should read: "and it is understandable and commendable that S's mother and authorities took the matter seriously".

In all other respects, the September 24, 2019 opinion remains unchanged.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

SEP 2 6 2019
Date

Chief Clerk

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* JP, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

JP,

        Respondent-Appellant.

FOR PUBLICATION
September 24, 2019

No. 344812
Gogebic Circuit Court
Family Division
LC No. 2017-000048-DL

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

SWARTZLE, P.J. (*concurring*)

*A. Alarming and Concerning, But Lack of Intent.* I concur in full with the majority opinion. As recounted by the majority, the messages in the Snapchat group are alarming and concerning, and is understandable and commendable that S's mother and authorities took the matter seriously. Taken in isolation, the comments would certainly appear to qualify as those that would tend "to terrorize, frighten, intimidate, threaten, [or] harass" a person. MCL 750.540e(1)(a)(1). In this new and evolving world of school violence and social media, messages like these cannot be ignored, and thankfully in this case, they were not. Notwithstanding this, I agree that there is an absence of evidence that respondent had the requisite intent to threaten or otherwise negatively affect S or anyone else, as contemplated under the current version of the criminal statute.

*B. Cautionary Tale.* I write separately simply to point out how close respondent got to the line of criminal responsibility. This would have been a much different case, in my opinion, had respondent showed any of the messages to S, or even had respondent learned that another person was going to show the messages to S and done nothing to minimize the harmful impact. Respondent and other members of the group testified to receiving internet-safety training at school, and they knew both that their messages could be difficult-to-impossible to delete (even in

Snapchat) and that someone outside of the group might gain access to the messages at some point.

Similarly, this would have been a much different case had S or even someone else outside of the group actually read the messages (prior to the investigation). The statute does not require that the purported target of the message be the one who is actually terrorized or frightened. One could envision a scenario where a parent is intentionally targeted and actually terrorized by comments threatening harm to the parent's child, but there is nothing on this record to suggest that was the case here.

Finally, this would have been a much different case had the jury been properly instructed, as appellate courts are generally reluctant to overturn a jury verdict. See *People v Stewart*, 36 Mich App 93, 98; 193 NW2d 184 (1971). But, as the majority opinion observes, the jury did not receive the appropriate instructions, and, in my opinion, the improper instructions alone justified reversal in a case like this one. See *People v Craft*, 325 Mich App 598, 608; 927 NW2d 708 (2018).

Accordingly, I concur.


/s/ Brock A. Swartzle